Action by the Barber Asphalt-Paving Company against the New York Postgraduate Medical School & Hospital. Motion to correct verdict. Granted.

DALY, J.   A motion is made by plaintiff, after verdict in his favor, to have the court compute the interest on the amount allowed by the jury, and add it to the verdict, under the authority of Peetsch v. Quinn, 57 N. Y. St. Rep. 80, 27 N. Y. Supp. 323.   This may be done, if plaintiff is entitled to interest, and the jury has failed to allow it. Martin v. Silliman, 53 N. Y. 615.   In this case the plaintiff was entitled to recover, at an agreed price, for the amount of repaving or repairing of the asphalt pavement of the street in front of which the defendants had caused excavations to be made for their new building, which was necessitated by such excavations.   It would seem from the evidence that the area of pavement affected injuriously by the excavations could be perceived upon inspection, and so the amount of repairing necessary could be computed and ascertained by one party as well as the other.   In such case interest upon the amount found due should be allowed.   "In actions to recover unliquidated damages for breach of contract, unless the means are accessible to the party sought to be charged, of ascertaining the amount, by computation or otherwise, to which the other party is entitled," interest cannot be allowed.   Mansfield v. Railroad Co., 114 N. Y. 331, 21 N. E. 735, 1037, 4 L. R. A. 566.   In that case a contractor was to receive, in addition to a fixed sum for building a grain elevator, a bonus for completing the work in advance of five months from the time of commencement, and the bonus was to be $500 per day for the time thus gained.   The plaintiff sued for damages for having been delayed in his work by the fault of the defendant.   He was held not to be entitled to interest on his verdict, and the reason is obvious; for his facilities for completing his work in a shorter period than his contract were matters within his own knowledge, and not known to the defendant, and so the amount of bonus he could have earned was not ascertainable, by computation or otherwise, by the latter.   The present case presents no such difficulty.

Motion to add interest to verdict granted.

---

(30 Misc. Rep. 367.)

## DE KALB AVE. METHODIST EPISCOPAL CHURCH v. KELK.

(Supreme Court, Trial Term, Kings County.  January, 1900.)

CLAIM AGAINST ESTATE—ACTION AGAINST ADMINISTRATOR—COSTS.
   Code Civ. Prov. § 1822, provides that, when an administrator disputes or rejects a claim, unless a written consent shall be filed by the parties with the surrogate that the claim be heard by him, an action thereon must be commenced within six months from such rejection.   Section 1836 provides, if the claim, after being presented to the administrator, has been unreasonably resisted or neglected, or defendant did not file such consent at least 10 days before the expiration of 6 months from the rejection thereof, the plaintiff is entitled to costs.   *Held* that, where the administrator did not

file such consent, plaintiff was entitled to costs in an action on the claim against the administrator commenced on the day before the expiration of the six-months limitation.

Action by the De Kalb Avenue Methodist Episcopal Church against George S. Kelk, as administrator. Judgment for plaintiff. Motion by plaintiff for a certificate for costs under Code Civ. Proc. § 1836. Granted.

Action on a claim against an administrator for money alleged to have been obtained of the plaintiff by the decedent by fraud, i. e., in that the decedent by falsely and fraudulently representing herself to be without means and in poverty obtained such money of the defendant in charity. The claim having been presented to the administrator was rejected by him on March 17, 1898. This action was begun on September 6, 1898. The claim was for $1,390, and the plaintiff has obtained a verdict for $213. Motion for a certificate for costs under section 1836 of the Code of Civil Procedure.

P. H. Vernon, for the motion.
Robert C. Beatty, opposed.

GAYNOR, J. As provided in section 1836 of the Code of Civil Procedure, if it appears that the claim after being presented to the administrator has been "unreasonably resisted or neglected, or that the defendant did not file the consent provided in section 1822 at least ten days before the expiration of six months from the rejection thereof," the plaintiff is entitled to costs. The said consent provided for in section 1822 is that the surrogate may hear and determine the claim on the judicial settlement of the administrator's accounts. The administrator did not file such consent. The last day he could file it was September 7, 1898. This action was begun on September 6th. I do not see that the beginning of the action was any reason for not filing it. If he had filed it on the 7th it may well be that the plaintiff would have conformed to it. I cannot see that the Code sections in question contemplate that a claimant must delay bringing an action until the time within which such consent may be filed has expired, which would bring him within 10 days before his claim would outlaw (section 1822), in order that he may claim costs of the action. If the administrator had filed the consent within the prescribed time either before or after the action was begun he could avail himself of it, but not having done so the plaintiff is entitled to costs. It may well be suggested also that the administrator by neglecting to determine until the last day whether he would file such consent, "unreasonably neglected" the plaintiff's claim; or that if he determined to file it but neglected to do so, that was unreasonable neglect. No reason for the delay has been given, so that I must deem it mere neglect. One with such a claim must have some anxiety when the time within which he may begin his action is getting down to 10 days. In a recent case substituted service had to be resorted to because the administrator concealed himself when the limitation was about to expire.

The motion is granted.